UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS ANGELO GARRIDO,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security

    Defendant.

No. 2:17-cv-1720-EFB

MEMORANDUM AND ORDER

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The parties have filed cross-motions for summary judgment. ECF Nos. 16, 17. For the reasons discussed below, plaintiff's motion for summary judgment is granted and the Commissioner's motion is denied.

## BACKGROUND

Plaintiff filed an application for a period of disability and DIB, alleging that he had been disabled since November 5, 2012. Administrative Record ("AR") at 154-155. Plaintiff's application was denied initially and upon reconsideration. *Id.* at 94-98, 102-106. A hearing was held on November 19, 2015 before administrative law judge ("ALJ") Enrico Alis. *Id.* at 32-69.

/////

/////

On January 21, 2016, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i) and 223(d) of the Act.[1] *Id*. at 18-26. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2017.

2. The claimant has not engaged in substantial gainful activity since November 5, 2012, the alleged onset date (20 CFR 404.1571 *et seq.*).

\*\*\*

3. The claimant has the following severe impairment: degenerative disc disease of the cervical spine (20 CFR 404.1520(c)).

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

* * *

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

* * *

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) with lifting/carrying/pushing/pulling 25 pounds frequently and 50 pounds occasionally, standing, walking and sitting for 6 hours each in an 8 hour day, occasional balancing, stooping, kneeling, crouching and crawling, frequent climbing of ramps and stairs and occasional climbing of ladders, ropes and scaffolds.

* * *

6. The claimant is capable of performing past relevant work as a retail manager. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

* * *

7. The claimant has not been under a disability, as defined in the Social Security Act, from November 5, 2012, through the date of this decision (20 CFR 404.1520(f)).

*Id.* at 20-25.

Plaintiff's request for Appeals Council review was denied on June 19, 2017, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-4.

## LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a

conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## ANALYSIS

Plaintiff offers three arguments as to how the ALJ erred. First, he claims that the ALJ improperly rejected the opinion of his treating doctor – Aziz Khambati. Second, he claims the ALJ failed to offer legally sufficient reasons for discounting his credibility. Third, he claims that the ALJ's step-four finding is not supported by substantial evidence. The court finds the plaintiff's first argument, for the reasons to follow, to be persuasive. Thus, it declines to reach the others.

### I. Applicable Legal Standards

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. *Lester*, 81 F.3d at 834. Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. *Id.*; *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. *Lester*, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining medical professional may be rejected for "specific and legitimate" reasons that are supported by substantial evidence. *Id.* at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. *Andrews v. Shalala*, 53 F.3d

4

1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). However, "[w]hen an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence.'" *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

II. <u>Analysis</u>

On November 18, 2015, Dr. Khambati opined that plaintiff: (1) could lift and carry ten pounds on a less than occasional basis; (2) could sit, stand, and walk less than one hour each in an eight-hour workday; (3) would require a fifteen-minute break from work every hour; (4) could never climb, stoop, crouch, or crawl, but could occasionally balance and kneel; and (5) could occasionally reach and handle, but never push or pull. AR at 399-401. By contrast, the ALJ determined that:

> [plaintiff] has the RFC to perform medium work as defined in 20 CFR 404.1567(c) with lifting/carrying/pushing/pulling 25 pounds frequently and 50 pounds occasionally, standing, walking and sitting for 6 hours each in an 8 hour day, occasional balancing, stooping, kneeling, crouching and crawling, frequent climbing of ramps and stairs and occasional climbing of ladders, ropes and scaffolds.

*Id.* at 22. The ALJ gave limited weight to Dr. Khambati's November 2015 conclusions, accepting them only "to the extent that they are consistent with the above residual functional capacity finding." *Id.* at 24. His reasons for discounting the treating physician's findings were Khambati's failure to identify any "positive objective medical evidence other than a reference to the MRI findings" and the contradictory findings of an examining physician – Dr. Farr – which were also completed in November of 2015. *Id.* The court finds these reasons to be legally insufficient.

First, with respect to the purported lack of positive medical evidence, it is unclear why the ALJ determined that Dr. Khambati's reliance on MRI results was insufficient to sustain his conclusions. Dr. Khambati diagnosed plaintiff's limitations as stemming from a herniated cervical disc and shoulder tendinosis. *Id.* at 398. Both of these conditions appear amenable to medical investigation by way of an MRI. Thus, it was incumbent upon the ALJ to explain why Dr. Khambati's reliance on MRI results to support his conclusions merited rejection of the same.

5

1  The Ninth Circuit has held that, where an ALJ rejects the medical opinions of a treating
2  physician, he must support his decision "by setting out *a detailed and thorough* summary of the
3  facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."
4  *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986) (emphasis added). The ALJ failed to do
5  that in the instant case.

6  Second, the failing identified above is exacerbated by the ALJ's reliance on the November
7  findings of examining physician Morteza Farr. Records indicate that Dr. Farr saw plaintiff on
8  three occasions in 2015. In June, Dr. Farr completed an initial evaluation of plaintiff and elected
9  to send him for an MRI of the "C spine" for further evaluation. AR at 409-10. She saw him
10  again in August and sent him for an epidural injection. *Id.* at 411-12.

11  Dr. Farr's reports do not undermine and actually appear supportive of the opinion of Dr.
12  Khambati. In November, plaintiff told Dr. Farr that the epidural shot had not helped. *Id.* at 413.
13  Dr. Farr also indicated that she had reviewed an MRI from July 2015 and that it showed that
14  "there is evidence of C6-7 disc collapse with evidence of moderate neuroforaminal stenosis, left
15  greater than right." *Id.* Plaintiff's physical examination revealed: (1) tenderness; (2) a full range
16  of motion that was accompanied by pain; and (3) reduced sensation in the upper extremity. *Id.* at
17  413. She concluded that "[a]t this time, I explained to the patient that the only thing I can offer at
18  this point would be anterior cervical decompression and fusion at C6-7." *Id.* at 414. Having
19  reviewed the foregoing, the court concludes that it is not self-evident that Dr. Farr's November
20  conclusions are actually in tension with those of Dr. Khambati. At the very least, the ALJ's
21  decision indisputably fails to make the contradiction explicit and, consequently, cannot be upheld.
22  *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) ("The ALJ must do more than offer
23  his conclusions. He must set forth his own interpretations and explain why they, rather than the
24  doctors', are correct.").

25  The only question that remains is whether to remand for benefits or additional
26  administrative proceedings. "The decision whether to remand a case for additional evidence, or
27  simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226,
28  1232 (9th Cir. 1987). A court should remand for further administrative proceedings, however,

unless it concludes that such proceedings would not serve a useful purpose. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016). The court cannot say that additional proceedings would have no utility in the present case. That the ALJ failed to provide sufficient reasons for discounting the opinions of plaintiff's treating physician in this instance does not compel a finding that he is categorically *unable* do so. Additionally, the generation of additional medical evidence in the intervening years may prove enlightening. *See Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (additional proceedings have utility where "there is a need to resolve conflicts and ambiguities, . . . or the presentation of further evidence . . . may well prove enlightening in light of the passage of time.") (internal quotations and quotation marks omitted).

## CONCLUSION

Based on the foregoing, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 16) is GRANTED;
2. The Commissioner's cross-motion for summary judgment (ECF No. 17) is DENIED;
3. This matter is REMANDED for further administrative proceedings; and
4. The Clerk is directed to enter judgment in plaintiff's favor and close the case.

DATED: September 18, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE